WILLEY *v.* PORTSMOUTH.

An exception to the admissibility of evidence on one point does not ordinarily raise the question of nonsuit for want of evidence on another.

CASE, for obstructing and digging up the plaintiff's way by excavating and carrying away gravel. The city of Portsmouth owned the gravel and sand on the lot over which the plaintiff's way passed. Subject to exception, the plaintiff was permitted to show acts of surveyors of highways, and of persons acting under their direction, in making excavations in the plaintiff's way, by taking and carrying away gravel for repairing highways. Verdict for the plaintiff, and motion to set aside and for a new trial.

*S. W. Emery*, for the defendants. I. We have to see whether, under the statutes of New Hampshire and the common law, a surveyor of highways is an officer, agent, or servant of a municipal corporation in such sense that the corporation is liable for his active torts, or omissions amounting to tortious negligence.

(1) May a municipal corporation be regarded as setting the surveyor of highways in motion, and does it hold him forth to the public as its servant? (2) Is the appointing or choosing of the surveyor optional with the town and its officers? We consider the above two queries together for the sake of logical connection in the argument.

Towns may choose as many surveyors of highways as they think proper. If none are so chosen, the selectmen shall appoint such surveyors. G. L., c. 72, s. 5. Under the above section, the choice, either by the town, or the selectmen acting for the town, of a surveyor or surveyors of highways is mandatory. Positive law requires it,— not the ordinance of a municipal corporation, but the statute of the state. It is very doubtful, even if the town under section 25 should contract for the keeping of highways and bridges in repair, whether the choice of a surveyor or surveyors could be dispensed with; and we think it could not. The statute says they " shall" be appointed by the selectmen. Therefore it is not optional with a municipal corporation in New Hampshire to appoint or not to appoint a surveyor or surveyors of highways. *Ball* v. *Winchester*, 32 N. H. 435. One of the elements thus necessary to constitute a surveyor of highways a servant or agent of a municipal corporation, so that the corporation may be charged for his torts while acting within the scope of his duty, is totally eliminated. Here, then, is not the relation of master and servant, or principal and agent. Wood Master and Serv. (2d ed.) 920 *et seq.*

In *Maximilian* v. *Mayor, etc., of New York*, 62 N. Y. 165, *Folger*, J., says,—"A municipal corporation elects or appoints an officer in obedience to an act of the legislature, to perform a public service in which the corporation has no private interest, and from which it derives no special benefit or advantage in its corporate capacity, and such officer cannot be regarded as a servant or agent of the municipality, for whose negligence or want of skill it can be held liable. It has appointed or elected him in pursuance of a duty laid upon it by the law, for the general welfare of the inhabitants or of the community. He is the authority selected by it as the authority empowered by law to make selections; but when selected, and its power is exhausted, he is not its agent. He is the agent of the public for whom and for whose purposes he was selected." Here was an action by the plaintiff administrator against the city of New York, for injuries sustained by the plaintiff's intestate by reason of being run over by an ambulance wagon being driven along the streets by an employé of the commissioners of public charities. The plaintiff was nonsuited, upon the ground that the city, as such,

did not control the operations of the commissioners, but that their duties were defined by statute, and the board itself was created by statute. The nonsuit was sustained. Wood Master and Serv. (2d ed.) 921; *Hafford* v. *New Bedford*, 16 Gray 302; *Ham* v. *Mayor, etc., of New York*, 37 Super. Ct. 458; *Walcott* v. *Swampscott*, 1 Allen 101; *Ball* v. *Winchester*, 32 N. H. 445; *Grimes* v. *Keene*, 52 N. H. 335; *Hardy* v. *Keene*, 52 N. H. 377; *Morse* v. *Weymouth*, 28 Vt. 824; *Palmer* v. *Carroll*, 24 N. H. 314; *Thompson* v. *Fellows*, 21 N. H. 425; 2 Dill. Mun. Corp. (3d ed.), s. 979; *Barney* v. *Lowell*, 98 Mass. 570; *Oliver* v. *Worcester*, 102 Mass. 489; *Alcorn* v. *Philadelphia*, 44 Pa. St. 348; *Erie City* v. *Schwingle*, 22 Pa. St. 384; *Dean* v. *New Milford Township*, 5 Watts & Sergt. 584; *Dayton* v. *Pease*, 4 Ohio St. 80, 100; *Mc-Carty* v. *Bauer*, 3 Kansas 237; *Rowe* v. *Addison*, 34 N. H. 313; *Judge* v. *Meriden*, 38 Conn. 90; *Makepeace* v. *Worden*, 1 N. H. 16; *Bindon* v. *Robinson*, 1 Johns. 516.

II. The surveyor of highways is not under the control of the town by which he is chosen. Reference to the provisions of chapter 72 of the General Laws plainly discloses this. Neither the town nor its officers can direct and control the surveyor as to when he shall work, whom he shall employ, where within his district he shall work, the number of persons to be employed, the depth to which he may cut, the height to which he may fill. He is a public officer, possessing judicial discretion as to many of his acts (*Wells* v. *Goffstown*, 16 N. H. 53, *Waldron* v. *Berry*, 51 N. H. 141, *Turnpike* v. *Champney*, 2 N. H. 199, *Palmer* v. *Carroll*, 24 N. H. 314, *Rowe* v. *Addison*, 34 N. H. 313); and how, unless by express statute, may an officer clothed with judicial or discretionary powers be the servant or agent of a municipal corporation so as to charge the corporation with liability for his tort? We say that an officer, acting under judicial discretion, cannot be a servant or agent of any municipal corporation or person so as to charge the corporation or person with liability for his tort, committed while about the business his judicial discretion is to be exercised in. If acting with discretionary powers, the rule is the same. Wood Master and Serv. (2d ed.) 924; *Ball* v. *Winchester*, 32 N. H. 435. Full control of the acts of an alleged servant within the scope of the business he is about, is essential to charge a master for the tort of his servant committed within the scope of the master's business. *Clapp* v. *Kemp*, 122 Mass. 481; *Stables* v. *Eley*, 1 C. & P. 614; *Laugher* v. *Pointer*, 5 B. & C. 547; Wood Master and Serv. (2d ed.) 926.

III. Is a surveyor of highways amovable at pleasure of the town? Under the laws of New Hampshire we think he is not; and so another element of the relation of master and servant is lacking. The truth is, every essential which goes to establish the relation of master and servant between the municipal corporation and a surveyor of highways has been shown, by the cases cited, to

be wanting. The courts of more than one half the states in the
Union have declared it to be so, and there is but one case decided
in this country or in England which in any way is opposed to the
conclusion which follows from the overwhelming mass of decisions.
In *Grimes* v. *Keene*, the officer for whose negligence the town was
held liable was an officer of the town; his employment by it was
optional, he was set in motion by the town, he was under full con-
trol by the town, and amovable at pleasure. The correctness of
the decision has never been doubted. In *Hardy* v. *Keene*, an
obstruction of the highway was caused by the act of the surveyor
of highways, and the court held the town liable,—not, however,
because of a tort of the surveyor against the traveller, but because
the statute says the town shall be liable for injuries occasioned by
a deficient highway; and the town would have been just as liable
had an adjoining land-owner erected the derrick, and the town had
had reasonable opportunity to remedy the defect. And in this
case it was held that the surveyor might be deemed the agent of
the town for the purpose of taking notice of the defect in the high-
way. Why? Judge *Foster's* admirable opinion discloses the com-
plete and unanswerable ground, viz., " But, although the surveyor
cannot be regarded as the agent of the town for the purpose of
imposing upon the town a liability on account of his negligence,
for many other purposes he may be deemed the agent of the town,
as, for example, to purchase material, if necessary, to repair the
highways. So, also, he may be the town's agent, so to speak, to
charge it with notice of a defect in a highway. Defects and
obstructions are supposed to be peculiarly under the observation of
the surveyor : especially was it so in the present case. If this der-
rick and appurtenances were improperly and insecurely placed and
fastened, through the carelessness or fault of the surveyor, he who
placed them thus knew of the defect; and if he knew it, it would
be evidence from which the jury might find that the town knew
it." See *Rowe* v. *Portsmouth*, 56 N. H. 295, where notice to the
city marshal was held to be notice to the city. *Buttrick* v. *Lowell*,
1 Allen 172.

*Gilman* v. *Laconia*, 55 N. H. 130, was decided at the March term,
1875. We submit that Judge *Ladd's* opinion therein is in direct
conflict with every decision on the subject. It is assumed by him
in that case that *Hardy* v. *Keene* established the doctrine that a
surveyor of highways is a servant in all senses of the town choos-
ing him. We think *Hardy* v. *Keene* will not, as above shown,
bear any such construction. The learned judge further cites many
Massachusetts cases as establishing the same doctrine. We re-
spectfully submit that they may, and do, perhaps, support *Hardy*
v. *Keene*, and still are not in conflict with *Ball* v. *Winchester*. In
proof of this fact we cite a few of the very many Massachusetts
cases in which the doctrine of *Ball* v. *Winchester* is adopted and
declared. *Oliver* v. *Worcester*, 102 Mass. 489; *Hafford* v. *New*

*Bedford,* 16 Gray 297 ; *Fisher* v. *Boston,* 104 Mass. 87 ; *Walcott* v. *Swampscott,* 1 Allen 101 ; *Barney* v. *Lowell,* 98 Mass. 570 ; *Denniston* v. *Clark,* 125 Mass. 216 ; *Johnson* v. *Dunn,* 134 Mass. 523. In *Groton* v. *Haines,* 36 N. H. 392, the court had no occasion to use the rule in *Ball* v. *Winchester,* did not use it, and most certainly, we submit, did not overrule that case. *Eaton* v. *B. C. & M. R. R.,* 51 N. H. 504, is wholly immaterial to this case ; likewise *Gilman* v. *Laconia.* And as to *New York* v. *Furze,* 3 Hill 612, which is cited by Judge *Ladd :* that case was criticised in *Wilson* v. *New York,* 1 Denio 600, and *Mills* v. *Brooklyn,* 32 N. Y. 499, and has been virtually overruled by the court rendering it. Further, it has been overruled in *Hill* v. *Boston,* 122 Mass. 344 —*S. C.,* 23 Am. Rep. 332, 363 ; and disapproved in *McConnell* v. *Dewey,* 5 Neb. 388, *Imler* v. *Springfield,* 55 Mo. 119, 127—*S. C.,* 17 Am. Rep. 645, 652. The opinion of *Cushing,* C. J., does not, we submit, go so far as to overrule *Ball* v. *Winchester.* *Smith,* J., seems to hold that *Ball* v. *Winchester* and *Groton* v. *Haines* do not conflict.

In this case it is sought to charge the city for an active tort of a surveyor of highways. We say that if a municipal corporation can be held liable in this case, where not an element in the relation of master and servant or principal and agent exists, it can be held liable for torts of police officers committed within the scope of their duty,—and all because the law has cast upon municipal corporations the duty of preserving the peace, and has made a municipal corporation liable for damage done by mobs ;—therefore, as the officers are the persons to prevent mobs' doing damage or forming, the police officer is a servant of the city. So it would be liable for the malicious and corrupt acts of a police judge chosen by it; and so on, until a municipal corporation would become a vast life and accident insurance company for the benefit of all the world. We say, finally, that to follow not *Gilman* v. *Laconia,* but Judge *Ladd's* opinion therein, would be to deny every decision of American courts on the subject, every decision of English courts on the subject, the opinions of able text writers such as Judge Dillon and Mr. Wharton, and would precipitate extreme confusion in the law of master and servant.

*Frink & Batchelder,* for the plaintiff, cited and commented on *Edes* v. *Boardman,* 58 N. H. 590, *Walker* v. *Walker,* 63 N. H. 322, *Denniston* v. *Clark,* 125 Mass. 217, *Waldron* v. *Berry,* 51 N. H. 136, *Eastman* v. *Meredith,* 36 N. H. 284, *Hardy* v. *Keene,* 52 N. H. 370, *Groton* v. *Haines,* 36 N. H. 392, *Parker* v. *Nashua,* 59 N. H. 413, *Vale Mills* v. *Nashua,* 63 N. H. 137, *Carpenter* v. *Nashua,* 58 N. H. 37, *Wakefield* v. *Newport,* 60 N. H. 376, *Gilman* v. *Laconia,* 55 N. H. 132, *Maxmilian* v. *Mayor,* 62 N. Y. 160, *Aldrich* v. *Tripp,* 11 R. I. 141, *Hunt* v. *Boonville,* 65 Mo. 620, *Eaton* v. *B. C. & M. R. R.,* 51 N. H. 534, Dillon Mun. Corp. 780.

BINGHAM, J. The defendants owned the gravel over which the plaintiff's way passed, and, subject to exception, were permitted to show that the persons moving the gravel from his way were surveyors of highways, and persons acting under them. The case is meagre in narrative, but it is understood that the gravel-bank was outside the limits of any highway, and that the exception is to evidence showing for whom the persons digging the gravel claimed to be working. The manner in which the wrong was done, by whom and under what claim, were things so closely connected with the main fact as to be admissible as a part of the *res gestæ.*

If it was the purpose of the defendants, in taking the exception, to raise the question of their liability for the acts of highway surveyors, the case fails to show it. For aught that appears, the ruling in that particular may have been satisfactory. An exception to the admissibility of evidence on one point does not ordinarily raise the question of nonsuit for want of evidence on another.

*Judgment on the verdict.*

CLARK, J., did not sit : the others concurred.